Karyn M. Taylor, Esq.
Bar No. 6142
Luke W. Molleck, Esq.
Bar No. 14405
LITTLER MENDELSON, P.C.
200 S. Virginia St
8th Floor
Reno, Nevada 89501.1944
Telephone:    775.348.4888
Fax No.:      775.786.0127
Email:        kmtaylor@littler.com
              lmolleck@littler.com

Attorneys for Defendant
RIX INDUSTRIES

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT DEAN,<br><br>            Plaintiff,<br><br>      v.<br><br>RIX INDUSTRIES, a California corporation;<br>DOE DEFENDANTS 1 TO 10; ROE<br>CORPORATIONS 1 TO 10,<br><br>            Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

**TO THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE THAT** Defendant, RIX INDUSTRIES ("Defendant" or "Rix") hereby removes this action from the Second Judicial District Court in and for the County of Washoe, State of Nevada, to the United States District Court for the District of Nevada, under 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.  A true and correct copy of the Notice to State Court of Removal of Action to Federal Court is attached hereto and incorporated herein as **Exhibit A**.  In support of this Notice of Removal of Civil Action to Federal Court, Defendant states to the Court as follows:

**I. BACKGROUND**

1.      On or about April 4, 2024, Plaintiff, ROBERT DEAN ("Plaintiff" or "Dean"), filed a Complaint in the Second Judicial District Court in and for Washoe County, Nevada, entitled *Robert*

LITTLER MENDELSON, P.C.
200 S. Virginia St
8th Floor
Reno, NV  89501.1944
775.348.4888

*Dean v. Rix Industries, et. al.*, Case No. CV24-00745. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit B**. All copies of the pleadings and papers filed in the Second Judicial District Court in and for Washoe County, Nevada, including Plaintiff's original Complaint and Plaintiff's Summons, are attached as **Exhibit C**.

2.     As of the date of this Removal, Defendant has not been served with Plaintiff's Complaint and Summons.

## II.     REMOVAL PROCEDURES

3.     As noted above, Plaintiff filed his Complaint on April 4, 2024. ***See,* Exhibit B.** Removal is timely in that it is filed within thirty (30) days of service of the Summons and Complaint because, as of the date of this Removal, Plaintiff has not served his Complaint and Summons on Defendant. ***See,* Exhibit C.** As such, Defendant has removed this action to this Court within the thirty (30) day deadline to do so. *See, Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350-351, 119 S. Ct. 1322, 1327 (1999) ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.") In *Murphy Bros, Inc.,* the United States Supreme Court therefore concluded that "if the complaint is filed in court prior to any service, the removal period runs from the service of the summons." *Id*. at 354; *see also, Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691,* 635 F.3d 1128, 1132-1133 (9th Cir. 2011) (noting that under *Murphy Bros, Inc.,* a defendant must be brought under the court's authority by formal process before removal period begins to run).

4.     Venue is proper in this Court as this is the court for the district and division embracing the place where the action is pending in state court, in accordance with 28 U.S.C. §§ 108 and 1441(a).

5.     All pleadings and papers filed in the Second Judicial District Court in and for Washoe County, Nevada are attached hereto as **Exhibit C**.

6.     Pursuant to 28 U.S.C. § 1446(d), Defendant will provide Plaintiff with prompt written notice of the removal of this action to this Court. Defendant will also file a copy of the Notice of Removal with the State Court pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice to Plaintiff of Filing of Notice of Removal of Civil Action to Federal Court is attached hereto as

**Exhibit D**; *see also*, **Exhibit A.**

7.      The Complaint is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446. Defendant is the only named defendant in this action and therefore need not obtain consent for removal from any additional party under § 1446(d). ***See generally,* Exhibit B.**

## III.    DIVERSITY JURISDICTION EXISTS

8.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a), which encompasses "actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between …citizens of different States …"

### A.      Complete Diversity of Citizenship Exists Between the Parties

9.      According to the Complaint, Plaintiff is an individual residing in Washoe County, Nevada. **Exhibit B at ¶ 1.** Residence is *prima facie* evidence of domicile and therefore citizenship. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885-86 (9th Cir. 2013).

10.      Plaintiff contends that Rix Industries was his employer and names said entity as the defendant in this action. ***Id*. at ¶ 2.** At the time of the filing of the Complaint, Rix was, and still is, organized and existing under the laws of the state of California, and is therefore a citizen of the State of California satisfying the requirement for complete diversity of citizenship. 28 U.S.C. § 1441(b).

11.      Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business …" "For this reason, 'a corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business.'" *Montrose Chemical Corp. of California v. American Motorists Ins. Co.,* 117 F.3d 1128, 1134 (9th Cir. 1997). As stated, Rix Industries is a corporation that is incorporated in California with its principal place of business in California. Accordingly, Rix Industries is a citizen of California. Rix Industries is not a citizen of Nevada for purposes of diversity jurisdiction. Therefore, Rix Industries is also completely diverse to Plaintiff.

13.      Rix Industries is completely diverse to Plaintiff.  Diversity of citizenship is satisfied.

LITTLER MENDELSON, P.C.
200 S. Virginia St
8th Floor
Reno, NV  89501.1944
775.348.4888

**B.      The Amount in Controversy Exceeds $75,000.00**

14.      Plaintiff's Complaint does not specify the precise amount he seeks to recover in this action. ***See generally,* Exhibit B.** Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "Generally, the amount in controversy is determined from the face of the pleadings." *Garcia v. Dawahare*, No. 2:06-cv-00695-KJD-LRL, 2006 WL 2583745 at *1 (D. Nev. Sep. 6, 2006). The amount in controversy plausibly exceeds $75,000.00 on the face of the Complaint.

15.      First, Plaintiff expressly seeks to recover "in excess of $15,000.00" for his single cause of action. **Exhibit B at 4:12.**

16.      Second, Plaintiff seeks an award of "all attorneys' fees incurred and accrued in these proceedings." ***Id.* at 4:13.** "Attorney's fees may be included in the amount in controversy if an 'underlying statute authorizes an award of attorneys' fees.'" *See, Phelps v. Cox Communications Las Vegas, Inc.,* No 2:11-cv-00801-PMP-LRL, 2011 WL 6752554, *3 (D. Nev. Dec. 22, 2011), citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Nev. Rev. Stat. § 613.432 provides, in relevant part, that "[i]f a court finds that an employee has been injured by an unlawful employment practice …the court may award the employee the same legal or equitable relief that may be awarded to a person pursuant to Title VII of the Civil Rights Act of 1964 …" A prevailing party in a Title VII action may be awarded reasonable attorney's fees. *See, Kraus v. Clark County,* No. 2:04-CV-01096-RLH, 2007 WL 119131, *1 (D. Nev. Jan. 9, 2007) (internal citations omitted). Thus, in addition to the express damages claimed by Plaintiff for his cause of action, the potential award of attorney's fees to Plaintiff should be considered in evaluating whether the amount in controversy threshold is satisfied.

17.      Third, in addition to his claim of damages discussed, *supra*, Plaintiff also expressly seeks to separately recover "punitive damages in an amount to be determined by this court." **Exhibit B at 4:15.** Potential punitive damages are part of the amount in controversy in a civil action. *See, Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001). Punitive damages may be awarded under

Title VII in certain instances. *Igbinovia v. Catholic Healthcare West,* No. 2:07-cv-01170-GMN-GWF, 2010 WL 5070881, *3 (D. Nev. Dec. 7, 2010) (internal citations omitted).

18.     Fourth, the caselaw Plaintiff expressly relies upon in his Complaint supports that the amount in controversy exceeds $75,000. **Exhibit B at 3:20.** In the Nevada Supreme Court case paraphrased by Plaintiff as "discharge for refusal to work under unsafe conditions," a "trial jury awarded Jones by general verdict $62,287.00 in past damages, $98,863.00 in future damages and $100,000.00 in punitive damages." *D'Angelo v. Gardner*, 107 Nev. 704, 711 (Nev. 1991).

19.     The amount in controversy is not limited to damages incurred prior to removal but is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on the complaint if the plaintiff prevails. *See Chavez v. JPMorgan Chase & Co.*, 888 F3.d 413, 417 (9th Cir. 2018).

20.     Based on the foregoing, Plaintiff expressly seeks an award in excess of $15,000.00, plus additional amounts for alleged attorney's fees and punitive damages. Therefore, the total amount Plaintiff seeks to recover in this action exceeds the $75,000.00 jurisdictional threshold based on the face of the Complaint.

## IV.     CONCLUSION

21.     This Court has subject matter jurisdiction based upon diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

22.     Accordingly, Defendant requests that this action, currently pending in the Second Judicial District Court in and for Washoe County, Nevada, be removed to the United States District Court for the District of Nevada, and that the United States District Court for the District of Nevada assume jurisdiction over the action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: July 12, 2024

LITTLER MENDELSON, P.C.

/s/ *Luke W. Molleck*
Karyn M. Taylor
Luke W. Molleck

Attorneys for Defendant
RIX INDUSTRIES

LITTLER MENDELSON, P.C.
200 S. Virginia St
8th Floor
Reno, NV  89501.1944
775.348.4888

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169-5937. On July 12, 2024, I served the within document(s):

### NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

☒ by serving the following parties electronically through CM/ECF.

☐ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

*Jonathan D. Roven, Esq.*
*3753 Howard Hughes Parkway*
*Suite 200*
*Las Vegas, NV 89169*

Attorneys for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 12, 2024, at Las Vegas, Nevada.

/s/ *Maribel Rodriguez*
Maribel Rodriguez

4861-1565-4860.2 / 125115-1001

LITTLER MENDELSON, P.C.
200 S. Virginia St
8th Floor
Reno, NV  89501.1944
775.348.4888

6